**Robert DIETZ, Appellant,**

v.

**Herman SOLEM, Warden, Appellee.**

**No. 80–1550.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1980.

Decided Jan. 30, 1981.

128

Keith R. Strange, Sioux Falls, S. D., for Robert Dietz, appellant.

Before HEANEY, ROSS and STEPHEN-SON, Circuit Judges.

ROSS, Circuit Judge.

Robert Dietz, petitioner, appeals the district court's denial of his petition for a writ of habeas corpus. Petitioner alleges that certain jury instructions given by the South Dakota trial court violated the due process clause and denied him a fair trial.

On October 31, 1975, Dietz was convicted of third degree burglary following a jury trial. Dietz appealed his conviction to the Supreme Court of South Dakota, alleging that the evidence was insufficient to support the verdict. The state supreme court affirmed the conviction. *State v. Dietz*, 264 N.W.2d 509 (S.D.1978).

Petitioner then sought post-conviction relief in state court, alleging that the trial court had erred in giving a circumstantial evidence instruction and an "intent" instruction. The Circuit Court for Turner County, South Dakota, found that Dietz had raised the circumstantial evidence issue on direct appeal and the court would not review the issue. In regard to the "intent" instruction the state circuit court found that the failure of petitioner to object to the instruction either in the trial court or the appellate court barred him from raising the issue in a post-conviction proceeding. After deciding the case on this basis the court then made the casual observation without explanation that even if proper objection had been made, the instruction as a whole did not violate the due process clause. On March 8, 1979, the South Dakota Supreme Court denied petitioner's application for a certificate of probable cause to appeal.

The petitioner then filed his application for a writ of habeas corpus in federal district court. Petitioner alleged constitutional error in the giving of the two challenged instructions. The recommendation of the United States Magistrate that the petition be denied was adopted by the district court.

The first jury instruction to which petitioner objects is instruction no. 9 which provides in pertinent part:

Intent is a quality or condition of the mind. It can seldom be proved and usually is not proved by direct evidence such as a statement of purpose or declaration of intent by the person charged. It must be determined from all the evidence, facts and circumstances in the case and the acts and conduct of the defendant as shown, applying to such evidence, facts and acts and conduct your judgment and experience as men and women. *Every sane person is presumed to intend the natural, probable and usual consequences of his own acts unless it appears from the evidence that some other purpose or unexpected consequence was in the mind of the actor at the time.*

(Emphasis added.)

Petitioner has challenged this instruction as creating a "burden-shifting presumption" which requires the defendant to disprove an element of the crime, thus relieving the state from its burden of proving each and every element of the crime.

Petitioner also objects to jury instruction no. 10 which provides in pertinent part:

Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.

An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence.

Petitioner argues that this instruction authorized the jury to infer specific intent. But, as noted by the magistrate, the instruction allowed the jury to infer only *facts* not elements of the crime. Thus, we find no merit to this argument.

*Sandstrom v. Montana.*

Petitioner argues that instruction no. 9 is a burden-shifting instruction similar to the instruction which was found to violate due process in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). We agree.

The *Sandstrom* case involved a direct appeal from a murder conviction and the jury instruction at issue stated that " '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts.' " *Id.* at 513, 99 S.Ct. at 2453. The Supreme Court began its review of the instruction by noting that:

> The threshold inquiry in ascertaining the constitutional analysis applicable to this kind of jury instruction is to determine the nature of the presumption it describes. See *Ulster County Court v. Allen*, 442 U.S. 140, 157–63, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979). That determination requires careful attention to the words actually spoken to the jury, see [*Ulster County Court v. Allen, supra,* 442 U.S. at 157–59, n.16, 99 S.Ct. at 2225], for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction.

*Id.* at 514, 99 S.Ct. at 2454.

The Supreme Court found that a reasonable juror could have interpreted the *Sandstrom* instruction as either "an irrebuttable direction by the court to find intent once convinced of the facts triggering the presumption" or "a direction to find intent upon proof of the defendant's voluntary actions * * * unless *the defendant* proved the contrary * * * thus effectively shifting the burden of persuasion on the element of intent." *Id.* at 517, 99 S.Ct. at 2455. Conclusive presumptions or burden-shifting presumptions, the court stated, must be analyzed under such cases as *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. at 1068, 1072, 25 L.Ed.2d 368 (1970) which " 'hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact* necessary to constitute the crime with which he is charged.' " *Sandstrom v. Montana, supra,* 442 U.S. at 520, 99 S.Ct. at 2457.

The Supreme Court emphasized that a conclusive presumption "would 'conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime,' and would 'invade [the] fact-finding function' which in a criminal case the law assigns solely to the jury." *Sandstrom v. Montana, supra,* 442 U.S. at 523, 99 S.Ct. at 2459, *citing Morissette v. United States*, 342 U.S. 246, 275, 72 S.Ct. 240, 255, 96 L.Ed. 288 (1952) and *United States v. United States Gypsum Co.*, 438 U.S. 422, 446, 98 S.Ct. 2864, 2878, 57 L.Ed.2d 854 (1978). Next, the Court noted that "[a] presumption which, although not conclusive, had the effect of shifting the burden of persuasion to the defendant, would have suffered from similar infirmities." *Sandstrom v. Montana, supra,* 442 U.S. at 524, 99 S.Ct. at 2459.

The case of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) was cited as addressing such a constitutionally deficient instruction. In *Mullaney* the trial court had instructed the jury that "if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation." *Sandstrom v. Montana, supra,* 442 U.S. at 524, 99 S.Ct. at 2459. The instruction was held to violate the defendant's due process rights because it shifted the burden of proof to him on the issue of whether he acted in the heat of passion upon sudden provocation.

In conclusion, the Supreme Court held that "Sandstrom's jury may have interpreted the judge's instruction as constituting either a burden-shifting presumption * * * or a conclusive presumption [and] either interpretation would have deprived defendant of his right to the due process of law * * *." *Id.* at 524, 99 S.Ct. at 2459. The Supreme Court also noted that the question of whether the unconstitutional instruction could be deemed harmless error under

*Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) had not been reached by the state courts. *Sandstrom v. Montana, supra,* 442 U.S. at 520, 99 S.Ct. at 2457. Thus, the Supreme Court left open the question of harmless error for consideration on remand. *Id.* at 527, 99 S.Ct. at 2461.

*Retroactive Application of Sandstrom.*

The United States Magistrate refused to apply the *Sandstrom* decision retroactively in the absence of a specific command. Instead, the magistrate applied the case of *Moore v. United States,* 375 F.2d 877 (8th Cir.), *cert. denied,* 389 U.S. 844, 88 S.Ct. 92, 19 L.Ed.2d 110 (1967) which held that an instruction similar to the one now at issue did not constitute "plain error." This case is no longer the law post *Sandstrom.*

■ While it is true that not all decisions have retroactive force, the Supreme Court in *Hankerson v. North Carolina,* 423 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977) held that the decision in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), was to be given retroactive application. In light of the fact that the *Sandstrom* decision heavily relied on *Mullaney* and addressed a due process claim almost identical to *Mullaney,* we hold that *Sandstrom* must be applied retroactively. As was stated in *Hankerson*:

" 'Where the *major* purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that *substantially* impairs its truth-finding function and so raises *serious* questions about the accuracy of guilt verdicts in past trials, the new rule [is] given complete retroactive effect.' "

*Hankerson v. North Carolina, supra,* 423 U.S. at 243, 97 S.Ct. at 2345, *citing Ivan V. v. City of New York,* 407 U.S. 203, 204 (1972).

*Standard of Review.*

In contrast to the *Sandstrom* decision which involved a direct appeal, this case involves a request for habeas corpus relief.

Recently this court noted that "as a general rule, improper jury instructions do not

form a basis for habeas corpus relief." *Brouilette v. Wood,* 636 F.2d 215 at 218 (8th Cir. 1980). *See also Davis v. Campbell,* 608 F.2d 317, 319 (8th Cir. 1979); *DeBerry v. Wolff,* 513 F.2d 1336, 1338 (8th Cir. 1975). And, as the Supreme Court has stated "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).

In *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973) the Supreme Court focused on the role of a federal habeas court when reviewing state jury instructions. The Court stated:

[I]t must be established not merely that the instruction is undesirable, erroneous, or even "universally condemned," but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.

* * * [W]e accept at the outset the well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. *Boyd v. United States,* 271 U.S. 104, 107, [46 S.Ct. 442, 443, 70 L.Ed. 857] (1926). [However] this does not mean that an instruction by itself may never rise to the level of constitutional error. * * *

* * * [T]he question is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.

*Id.* 414 U.S. at 146–47, 94 S.Ct. at 400.

While *Cupp v. Naughten* cautions us not to view an instruction in isolation, the Supreme Court in *Sandstrom* noted that other instructions do not necessarily mitigate the damaging effect of a conclusive or burden-shifting presumption. The *Sandstrom* opinion indicates that instructions regarding the

presumption of innocence and burden of proof are "not rhetorically inconsistent with a conclusive or burden-shifting presumption." *Sandstrom v. Montana, supra*, 442 U.S. at 518, n.7, 99 S.Ct. at 2456, n.7.

■ Thus, it would seem highly probable that a burden-shifting or conclusive presumption is the type of instruction contemplated in *Cupp v. Naughten* as constitutional error by itself. This is not to say that there would *never* be a case where other instructions could "mitigate" the error, but only an unlikelihood of such a possibility.

*The "Intent" Instruction.*

■ The state trial court instructed the jury that "every sane person is presumed to intend the natural, probable and usual consequences of his own acts unless it appears from the evidence that some other purpose or unexpected consequence was in the mind of the actor at the time." This was the last sentence of an instruction which stated that "specific intent to commit larceny" was an essential element of the crime and should be "determined from all the evidence, facts and circumstances in the case * * *."

We see very little difference between the presumption instruction in this case and that given in *Sandstrom*. In this case once the jury found that defendant had broken or entered the building and that he was sane (which was not at issue) then intent could be presumed. Intent was presumed "unless" there was "evidence that some other purpose or unexpected consequence was in the mind of the actor at the time." It is apparent that "other evidence" which might rebut the presumption of intent would only be offered by defendant.

The instruction in this case is of the classic burden-shifting variety criticized in *Sandstrom*. The instruction dealt with an essential element of the crime charged—intent. And the burden of proof of each element of the crime rests with the State and cannot be shifted to the defendant.

■ The state trial court also instructed the jury on presumption of innocence, burden of proof and reasonable doubt. These instructions, however, are not inconsistent with such a presumption and thus do not mitigate the error. As noted in *Sandstrom*, the jury could have believed "that the presumption was a means by which proof beyond a reasonable doubt as to intent could be satisfied." *Sandstrom v. Montana, supra*, 442 U.S. at 518–19, n.7, 99 S.Ct. at 2456, n.7.

■ Additionally, we are not inclined to label this unconstitutional instruction as harmless error under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). While the main issue at trial was apparently whether defendant could be circumstantially placed at the breakin, this does not negate the necessity of proof of the key element of specific intent.

*Independent State Procedural Rules.*

Having found constitutional error in this case does not end our inquiry because the State has asserted that petitioner's failure to comply with state procedural rules bars any relief. The absence of a contemporaneous objection at trial to the "intent" instruction is viewed by the State as requiring application of the cause/prejudice test of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Although the State raised this contention in the district court, the magistrate did not address the question.

The State notes that South Dakota has a statutorily enacted contemporaneous objection rule, SDCL 23–42–6(5) repealed July 1, 1979 (present law is identical, SDCL 23A–24–2(5) effective July 1, 1979). More importantly, the only state court presented with the issue of the constitutional validity of the "intent" instruction held that the claim should be denied because of the absence of a contemporaneous objection.[1]

■ In a recent decision of this court it was stated that failure to object to an im-

---

1. The Circuit Court for Turner County, South Dakota dismissed Dietz's petition for post-conviction relief which alleged, inter alia, that the intent instruction violated due process. The entire portion of the state judge's memorandum decision which dealt with the intent instruction was as follows:

proper jury instruction may not bar habeas relief. *Brouilette v. Wood,* 636 F.2d 215 at 218 (8th Cir. 1980), *citing Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). This is true where a state court has reached the merits of the issue presented, as in *Brouilette,* rather than where it has dismissed the case because of failure to comply with independent state procedural rules. As noted by the Supreme Court in *Wainwright v. Sykes, supra,* 433 U.S. at 87, 97 S.Ct. at 2506, that decision does not change "the rule that the federal habeas petitioner * * * is entitled to have the federal habeas court make its own independent determination of his federal claim, without being bound by the determination *on the merits* of that claim reached in the state proceedings." (Emphasis added.)

 The next question is whether, having retroactively applied a decision such as *Sandstrom,* the absence of a contemporaneous objection may still be asserted by the State as a bar to habeas relief. This question was answered in the affirmative in *Hankerson v. North Carolina,* 423 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), an opinion issued six days before *Wainwright v. Sykes.* In *Hankerson* the Supreme Court applied *Mullaney* retroactively but noted that "[t]he States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error." *Hankerson v. North Carolina, supra,* 432 U.S. at 244, n.8, 97 S.Ct. at 2347 n.8.

 Based on footnote 8 in the *Hankerson* opinion it becomes apparent that the

cause/prejudice test of *Wainwright v. Sykes* must be applied. Our analysis of the instruction at issue here would obviously satisfy the "prejudice" portion of the test. However, the "cause" prong of the test presents a difficult question.

The first Supreme Court case to deal with burden-shifting presumptions was *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) which was decided June 9, 1975. Dietz's trial was held on October 30–31, 1975. The *Sandstrom* case was decided June 18, 1979. Thus Dietz's trial occurred approximately five months after the *Mullaney* decision but before the *Sandstrom* decision.

At the present time three circuits have addressed the effect of change of law or lack of knowledge of the law in relation to satisfying the "cause" portion of the test. And the results reached by these three circuits have differed. *See Isaac v. Engle,* No. 78–3488 (6th Cir. filed Dec. 12, 1980) (en banc); *Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.) (en banc), *cert. denied,* —— U.S. ——, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980); *Tyler v. Phelps,* 622 F.2d 172 (5th Cir. 1980) (agreeing with certain dictum statements made in *Collins v. Auger,* 577 F.2d 1107 (8th Cir. 1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979).

The difficult question of what would constitute "cause" for failing to object has not been considered by the district court. Nor has this court had the question adequately briefed and argued. We, therefore, believe that a remand to the district court is necessary for an adequate presentation and resolution of this issue.

As to the second theory presented by the petition it is noted that the trial record is completely bare as to any objection, exception or proposed instruction in relation to the trial court's instruction on intent. Failure to do so in either the trial court or appellate court is a waiver of the objection. *Ruffing v. Jameson,* 80 S.D. 362, 123 N.W.2d 654. Stated simply, the failure of the petitioner to object now bars him from effectively raising this issue in a post-conviction proceeding. *Fanning v. State,* 85 S.D. 246, 180 N.W.2d 853.

It should be further expressed that even had a proper objection been stated on the trial record as to the "intent" instruction, this Court is of the opinion that the trial instructions taken as a whole contain no constitutional violation of due process.

We view the last sentence quoted as dicta since the preceding paragraph disposed of the case and the last statement is based on a hypothetical assumption.

If the district court finds that petitioner has shown adequate cause for failing to object, then the writ should issue. Conversely, if cause is not shown, habeas corpus relief should be denied based on failure to comply with an independent state procedural rule.

*Conclusion.*

First, as to the merits of petitioner's claim, we have applied *Sandstrom* retroactively and found that the instruction in question denied petitioner due process and may have affected the verdict. Secondly, as to the issue of whether petitioner is procedurally barred from seeking habeas relief, we have stated that footnote 8 of the *Hankerson* opinion gives the states the ability to insulate past convictions through their contemporaneous objection rules. We also hold that the assertion of independent state procedural grounds as a bar to relief requires, in this case, the application of the cause/prejudice test of *Wainwright v. Sykes.* Having found that petitioner has established prejudice, we remand this case to the district court for a determination on the question of whether petitioner can show "cause" for having failed to object to the instruction at trial.

Remanded for further proceedings consistent with the views expressed in this opinion.