James Leroy NELSON, Appellant,

v.

Herman SOLEM, Warden, Appellee.

No. 80–1562.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1980.

Decided Jan. 30, 1981.

Dennis C. McFarland, Sioux Falls, S. D., for appellant.

Mark V. Meierhenry, Atty. Gen., Mikal Hanson, Asst. Atty. Gen., Pierre, S. D., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

James Leroy Nelson, petitioner, appeals the district court's [1] denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

In 1963 petitioner was tried and convicted of murder in South Dakota State Court. On direct appeal the conviction was affirmed by the South Dakota Supreme Court. *State v. Nelson*, 80 S.D. 574, 129 N.W.2d 54 (1964). Petitioner then sought post-conviction relief alleging that certain jury instructions given at trial violated his right to due process. The South Dakota Supreme Court ruled on the merits of petitioner's claim and found no constitutional error in the instructions. *State v. Nelson*, 272 N.W.2d 817 (S.D.1978).

Thereafter, petitioner sought federal habeas relief based on the allegedly unconstitutional instructions. The district court denied relief and found that the instructions did not violate due process.

*The Premeditated Design Instruction.*

On appeal, the petitioner first challenges the italicized portions of the following instruction:

> Insofar as is material to this case when homicide is perpetrated without authority of law and with the premeditated design to effect the death of the person killed it is murder. *Such design to effect death may be inferred from the fact of the killing unless the circumstances raise a reasonable doubt as to whether such design existed.* The words "premeditated design to effect death" as used in this definition of murder means that the killing must be accomplished by a clear deliberate intent to take life. The intent to kill must be the result of deliberation and must have been formed upon a pre-existing reflection, and not under a heat of passion or other conditions such as to preclude the idea of deliberation. *The jury is at liberty to infer or not to infer such a premeditated design as they may be impressed by the testimony.*
>
> A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution.

Petitioner argues that this instruction relieved the State of its burden to prove each essential element of the crime charged. Petitioner contends that this instruction creates a burden-shifting presumption of the type found to violate due process in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

This court has filed today an opinion in the case of *Dietz v. Solem*, 640 F.2d 126 (8th Cir. 1981). The portions of that opinion analyzing the *Sandstrom* decision, the retroactive application of the *Sandstrom* decision, and the applicable standard of review are incorporated by reference herein.

While the *Sandstrom* decision provides a starting point for the review of this instruction, we do not believe the instruction here is either a conclusive presumption or burden-shifting presumption of the type identified in *Sandstrom* or *Mullaney*.

In *Sandstrom*, the Supreme Court stated that:

---

1. The Honorable Fred J. Nichol, Chief Judge, United States District Court for the District of South Dakota.

The threshold inquiry in ascertaining the constitutional analysis applicable to this kind of jury instruction is to determine the nature of the presumption it describes. See *Ulster County Court v. Allen*, 442 U.S. 140, 157–63, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979). That determination requires careful attention to the words actually spoken to the jury, see [*Ulster County Court v. Allen, supra*, 442 U.S. at 157–59, n.16, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777], for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction.

*Id.* 442 U.S. at 514, 99 S.Ct. at 2454.

In *Sandstrom*, the Supreme Court rejected the argument of the State of Montana that the instruction created only a "permissive inference." The Court noted that:

Sandstrom's jurors were told that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts." They were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory.

*Sandstrom v. Montana, supra*, 442 U.S. at 515, 99 S.Ct. at 2454.

In *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) the Court described a permissive inference or presumption as one "which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one * * *." *Id.* at 157, 99 S.Ct. 2225. The Supreme Court also stated that a "permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference." *Id.* at 157, 99 S.Ct. 2225. And the Court also noted that the presence of "ample evidence in the record other than the presumption to support a conviction" is "irrelevant in analyzing a mandatory presumption, but not in analyzing a purely permissive one." *Id.* at 160, 99 S.Ct. 2226.

■ After reviewing the words actually spoken to the jury and the way a reasonable juror could have interpreted this instruction, we hold that the instruction constituted only a permissive inference. First, the jurors were told that a "design to effect death *may be inferred*" (emphasis added), rather than *requiring* an inference or presumption. Secondly, and more importantly, the jurors were told that they were "at liberty to infer or not to infer such a premeditated design as they may be impressed by the testimony." This portion of the instruction clearly left the jury free to credit or reject the inference.

The district court was concerned, as are we, by the presence of the "unless the circumstances" language of the instruction. *See Dietz v. Solem, supra*. While this type of clause may seem to impermissibly shift the burden of proof to the defendant, the key fact in this case is that the clause is attached to a purely permissive inference. We simply do not believe that a reasonable juror could "have interpreted the instruction as a direction to find intent upon proof of defendant's voluntary actions * * * unless *the defendant* proved the contrary * * *." *Sandstrom v. Montana, supra*, 442 U.S. at 517, 99 S.Ct. at 2455.

Furthermore, we find there was overwhelming evidence from which the jurors could determine the existence of "premeditated design." The South Dakota Supreme Court summarized this evidence in its opinion dealing with petitioner's direct appeal. *See State v. Nelson*, 80 S.D. 574, 129 N.W.2d 54 (S.D.1964). We have also reviewed the closing arguments of the State at Nelson's trial. There are no references to the use of the "inference" to decide premeditated design but only references to the facts which establish premeditated design. Additionally, as noted by the South Dakota Supreme Court, the main issue at Nelson's trial was whether the deceased had shot himself or had been shot by Nelson.

In contrast, the *Sandstrom* court emphasized that intent "was the lone element of the offense at issue in Sandstrom's trial, as he confessed to causing the death of the victim * * *." *Sandstrom v. Montana, supra,* 442 U.S. at 520–21, 99 S.Ct. at 2457.

█ In conclusion, we view the inference in this case to be purely permissive and do not believe the attachment of the alleged "burden-shifting" language to such an inference constitutes a due process violation. Even if this language did amount to constitutional error, we would hold the error to be harmless beyond a reasonable doubt under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Based on the extensive evidence of premeditation, we would hold beyond a reasonable doubt that the instruction could not have influenced the jury's finding of premeditated design. *See State v. Hamilton,* 605 P.2d 1121, 1133 (Mont.1980), *cert. denied,* 447 U.S. 924, 100 S.Ct. 3017, 65 L.Ed.2d 1117 (1980).

*Other Instructions.*

█ Petitioner also objects to the following instructions as having shifted the burden of proof as to accidental death or suicide to the defendant.

#### INSTRUCTION # 11a

You are instructed that if from the evidence you should find that the death of William Reed Judson was caused or brought about by accidental means, then and in that event you would return a verdict of not guilty.

#### INSTRUCTION # 11b

You are further instructed that if from all the evidence you are satisfied that the death of William Reed Judson was brought about by his own act, either accidentally or intentionally, then you should find the defendant not guilty.

These claims will not delay us long. First, as noted by the district court these instructions do not speak directly or indirectly to burden of proof. Second, petitioner's counsel *proposed* these instructions and there is no contention raised as to ineffective assistance of counsel.

*Independent State Procedural Rules.*

The State has argued that petitioner is barred from seeking federal habeas relief because he failed to comply with South Dakota contemporaneous objection rule. SDCL 23–42–6(5) repealed July 1, 1979 (the current law is identical, SDCL 23A–24–2(5) effective July 1, 1979). In view of our decision on the merits this procedural question need not be reached. In this regard see the discussion on independent state procedural rules in *Dietz v. Solem, supra.*

Accordingly, the order of the district court denying petitioner's application for a writ of habeas corpus is affirmed.