**Clifford Vincent BONNETT, Appellant,**

v.

**Herman SOLEM, Warden, Appellee.**

No. 80–1505.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1980.

Decided Jan. 30, 1981.

Certiorari Denied May 18, 1981.
See 101 S.Ct. 2329.

Gary D. Jensen, Rapid City, S. D., for appellant.

Mikal Hanson, Asst. Atty. Gen., Pierre, S. D., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

Clifford Vincent Bonnett, petitioner, was convicted in 1978 of third degree forgery in South Dakota State Court. Petitioner sought post-conviction relief in state court alleging error in a certain jury instruction. The state court ruled on the merits of this claim and denied relief. Thereafter, Bonnett filed a petition for a writ of habeas corpus alleging that the jury instruction given at his trial violated the due process clause. The United States Magistrate's recommendation that the petition be denied was adopted by the district court and an appeal was taken.

The jury instruction in question states (challenged portions emphasized):

In a crime such as that of which the Defendant is charged in the Information, there must exist a union or joint operation of act or conduct and a certain specific intent.

In the crime of Forgery in the Third Degree, there must exist in the mind of the perpetrator the specific intent to defraud and unless such intent so exists, that crime is not committed.

The intent with which an act is done is manifested by the circumstances attending the act, the manner in which it is done, the means used, and the sound mind and discretion of the person committing the act. *In such connection, you may consider in light of general human experience the natural, probable, and usual consequences of the acts and conduct shown and any evidence produced explaining such acts and conduct or tending to show with what purpose or intent or want thereof the perpetrator thereof acted.*

The instruction was not objected to at trial.

Bonnett alleges that the challenged portions of the instruction constitute either a conclusive presumption or a burden-shifting presumption of the type invalidated in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

The United States Magistrate found that a "reasonable juror could not have possibly interpreted" the instruction "as shifting the burden of persuasion on the element of intent" to the defendant. The magistrate noted that the instruction in *Sandstrom* was "far different" from the "may consider" language of the challenged instruction. Although the magistrate analyzed the instruction in light of *Sandstrom*, he stated that "in the absence of a specific command" he would not apply *Sandstrom* retroactively.

The district court adopted the magistrate's recommendation that the petition be denied.

The opinion of this court in a related appeal, *Dietz v. Solem,* 640 F.2d 126, (8th Cir. 1981) has also been filed today. In the *Dietz* opinion, we have analyzed the *Sandstrom* decision, the retroactive application of that decision, and the applicable standard of review. Those portions of the *Dietz* opinion are incorporated by reference herein.

*The Instruction*

*Sandstrom* indicates that our first inquiry is to determine "the nature of the presumption [the instruction] describes" giving "careful attention to the words actually spoken to the jury * * *." *Sandstrom v. Montana, supra,* 442 U.S. at 514, 99 S.Ct. at 2454. After examining the actual language of the instruction, we must reject petitioner's contention that the instruction contains a presumption; conclusive, burden-shifting or otherwise.

The instruction in this case did not require the jury to *presume* anything, rather it merely *allowed* the jury to "*consider* in light of general human experience the natural probable, and usual consequences of the acts and conduct shown * * *." (Emphasis added.) In the absence of a presumption, we fail to see how the burden of proof could have been shifted to petitioner. Therefore, we reject petitioner's contention that this instruction violated his due process rights.

The State also argues that petitioner is barred from seeking federal habeas relief because he failed to comply with South Dakota contemporaneous objection rule.

SDCL 23–42–6(5) repealed July 1, 1979 (the current law is identical, SDCL 23 A–24–2(5) effective July 1, 1979). In view of our decision on the merits this procedural question need not be answered. In this regard see the discussion on independent state procedural rules in *Dietz v. Solem, supra.*

Accordingly, the order of the district court denying petitioner's application for a writ of habeas corpus is affirmed.