**UNITED STATES of America, Appellee,**

v.

**Velita HASH a/k/a Georgann Shepherd, Appellant.**

**No. 82–1543.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 30, 1982.

Decided Sept. 7, 1982.

---

**50**

Anne Ritchey, Mitchell, Williams & Selig, Little Rock, Ark., for appellant.

George W. Proctor, U. S. Atty., Terry L. Derden, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before STEPHENSON, Senior Circuit Judge, and ARNOLD and GIBSON, Circuit Judges.

PER CURIAM.

Defendant, Georgann Hash Shepherd, appeals from a jury verdict[1] finding her guilty of harboring and concealing a fugitive in violation of 18 U.S.C. § 1071.[2] Defendant urges two issues on appeal: (1) that the district court committed plain error in instructing the jury on intent, and (2) that there was insufficient evidence to convict defendant of the offense charged. We affirm the district court.

On December 29, 1981, a federal warrant was issued for the arrest of Doyle Shepherd for violation of the terms of his probation in the United States District Court for the Eastern District of Arkansas. After learning that Mr. Shepherd could be located at the trailer home of the defendant, two United States Marshals appeared at appellant's home on the morning of January 27, 1982, to arrest Mr. Shepherd. Doyle Shepherd had been living with defendant, his then girlfriend,[3] for approximately three months. The marshals proceeded to defendant's trailer, identified themselves, exhibited their badges, and showed defendant a copy of a federal warrant for the arrest of Doyle Shepherd. The marshals asked defendant whether she knew where Shepherd was and she replied that she did not. A marshal showed her a copy of 18 U.S.C. § 1071 and explained that it was a felony to conceal a fugitive from arrest. After being denied entrance to the trailer, the marshals began to canvas the neighborhood for information that might lead to the issuance of a search warrant. Five to ten minutes later, Shepherd appeared at the door of the trailer, called to the marshals, and surrendered peacefully. After reporting the incident to the office, the marshals were directed to arrest defendant, as well as Mr. Shepherd.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas, presiding. Execution of appellant's eighteen-month sentence was suspended and appellant was placed on probation for eighteen months.

2. 18 U.S.C. § 1071 proscribes the harboring or concealment of:

any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person * * *.

3. At the time of the arrest, defendant's name was Velita Hash. Subsequently, she married Doyle Shepherd and now goes by the name of Georgann Shepherd.

## I. JURY INSTRUCTIONS

Appellant contends that the district court erred in instructing the jury that it could draw an inference that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted and in failing to instruct on the element of specific intent and willful action. The jury instructions were not objected to at trial. Thus, there must be plain error under Rule 52(b), Fed.R.Crim.P., to warrant reversal.

The court instructed the jury on the element of intent as follows:

> Now, I mentioned that the third element is that Ms. Shepherd intended to prevent Mr. Shepherd's discovery and arrest. With respect to intent, there is always an intent element in any criminal offense. In other words, you can't be guilty of a criminal offense unless you intend to violate the law. With respect to intent, ordinarily, there cannot be proof directly because there is no way, of course, of looking inside somebody's mind and telling what they intend. But you can infer intent from the surrounding circumstances. You may consider any statement made or done or omitted by Ms. Shepherd and all other facts and circumstances in evidence which would indicate her state of mind.
>
> You may consider it reasonable to draw the inference in that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.
>
> As I said, it is up to you to decide from all the facts and circumstances what Ms. Shepherd's intent was with respect to the law in this case.

See 1 Devitt & Blackmar, *Federal Jury Practice and Instructions*, § 14.13, p. 401 (3d ed. 1977).

In *Sandstrom v. Montana*, 442 U.S. 510, 515, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979), a jury instruction which stated that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" was held to violate the Fourteenth Amendment's requirement that the state prove every element of a criminal offense beyond a reasonable doubt. Such a presumption improperly shifted to the defendant the burden of disproving an element of the crime charged. In *Dietz v. Solem*, 640 F.2d 126, 131 (8th Cir. 1981), this court disapproved a similar instruction which stated that an individual "is presumed to intend the natural, probable and usual consequences of his own acts" as violative of due process as a burden shifting instruction.[4]

The instruction in this case is almost identical to the instruction we considered in *United States v. Ming Sen Shiue*, 650 F.2d 919 (8th Cir. 1981), a kidnapping case.[5] In *Ming Sen Shiue*, we held that such an instruction "did not create a presumption" and "only allows the jury to *consider* such an inference and * * * emphasizes that the jury must make its own determination." *Id.* at 924 (emphasis in original). *Ming Sen Shiue* is dispositive of appellant's argument in this case. We hold that the court did not plainly err in instructing the jury on drawing an inference of intent.

Appellant next contends that the court failed to instruct on the element of specific intent and willful action. Appellant notes that this is a specific intent crime which requires that the defendant know of the warrant and intend to violate the law.

> You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence. *United States v. Ming Sen Shiue*, 650 F.2d 919, 924 (8th Cir. 1981).

---

4. In *Bonnett v. Solem*, 640 F.2d 125 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 849 (1981), and *Nelson v. Solem*, 640 F.2d 133 (8th Cir. 1981), both decided the same day as *Dietz v. Solem*, 640 F.2d 126 (8th Cir. 1981), we upheld two instructions which permitted the inference of intent but did not shift the burden to the defendant on that issue.

5. In *Ming Sen Shiue*, the court instructed the jury as follows:

The court properly instructed the jury, with respect to the essential elements of the crime,[6] as follows:

> In order to establish Ms. Shepherd's guilt to this offense, the government has the burden of proving beyond a reasonable doubt three essential elements.
>
> \* \* \* \* \* \*
>
> First, that Ms. Shepherd had specific knowledge that a federal warrant had been issued for Mr. Shepherd's arrest. In other words, that she knew a warrant had been issued for his arrest by the federal government.
>
> Second, that Mrs. Shepherd harbored or concealed Mr. Shepherd.
>
> Third, that Ms. Shepherd intended, intended to prevent Mr. Shepherd's discovery and arrest.
>
> \* \* \* \* \* \*
>
> With respect to the issue, as I said, she had to have knowledge that a warrant had been issued, and knowledge that a warrant had been issued for Mr. Shepherd, of course, is the first essential element.

As previously indicated, the court also emphasized the element of intent with respect to the third element, *supra*, at page 51.

 We are satisfied that the instructions as a whole fairly apprised the jury of the proof required with respect to the essential elements of the crime and plain error did not occur in failing to specifically explain "willfulness" to the jury.

## II. SUFFICIENCY OF THE EVIDENCE

 Appellant maintains that there was insufficient evidence to convict defendant of the offense charged. She contends that, based on the evidence produced at trial, there was a reasonable doubt as to her intent to break the law because she believed the United States Marshals were really bondsmen who were pursuing Doyle Shepherd on a state court charge. On appeal, defendant argues that the jury was confused because the jury was never told that harboring a fugitive from state court authorities was not a violation of 18 U.S.C. § 1071. The record does not support appellant's argument. The jury was clearly instructed that Ms. Shepherd's specific knowledge of a *federal* warrant for Doyle Shepherd's arrest was an essential element of the offense. Furthermore, two United States Marshals testified that defendant was shown a copy of the warrant, the federal statute, and their official identification and badges.

Finally, appellant argues that defendant did not conceal Doyle Shepherd for a sufficient period of time to be guilty of violating the statute. The statute does not prescribe a minimum duration of concealment for its violation. Defendant's denial that Doyle Shepherd was in her home and her refusal to admit the officers were active measures of concealment, taken on behalf of Doyle Shepherd "to prevent his discovery and arrest." 18 U.S.C. § 1071. *See Stamps v. United States*, 387 F.2d 993, 994 (8th Cir. 1967); *United States v. Biami*, 243 F.Supp. 917, 918 (E.D.Wis.1965). There was sufficient evidence from which the jury could infer that defendant intentionally harbored and concealed Doyle Shepherd with knowledge of a federal warrant for his arrest. The judgment is affirmed.

Affirmed.

---

6. *See United States v. Bissonette*, 586 F.2d 73, 77 (8th Cir. 1978).