## A. B. MORRISON, Appellee,

### v.

## David L. JONES, Commissioner of Correction, Dept. of Social Rehab. and Control for the State of North Carolina, Appellants.

### No. 77–1347.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1977.

Decided Oct. 31, 1977.

---

John H. Byers, Associate Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of North Carolina, Raleigh, N. C., on brief), for appellant.

Robert F. Rush, Charlotte, N. C. (Jo Hill Dobbins, on brief), for appellee.

Before BRYAN and FIELD, Senior Circuit Judges, and WIDENER, Circuit Judge.

FIELD, Senior Circuit Judge:

A. B. Morrison, a North Carolina prisoner, filed a petition for habeas corpus in the district court alleging that the state had violated his right to a speedy trial under the Sixth Amendment. The court granted the petition and North Carolina has appealed.

In an indictment returned by a state grand jury on January 5, 1970, the petitioner was charged with first degree murder allegedly committed on September 4, 1969. The first trial on February 19, 1970, resulted in a mistrial when the jury failed to reach a verdict. Some two years elapsed and on January 20, 1972, the state took a *nolle prosequi* "with leave".[1] Thereafter, in December of 1972, the prosecution was revived and a new warrant was issued for Morrison's arrest. On January 29, 1973, on motion of the petitioner the case was continued for the Term of February, 1973. It was calendared for trial on April 20, 1973, at which time the petitioner's motion for another continuance was denied and trial was set for April 24, 1973. On retrial, the jury found Morrison guilty and his conviction was affirmed by the North Carolina Court of Appeals and certiorari was denied by the state Supreme Court.

In granting the petition, the district judge concluded that Morrison had satisfied the four factors specified by the Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). While we agree with the district judge that the delay of some three years was sufficient to trigger a consideration of the other factors identified in *Barker*, in our opinion the absence of any showing of prejudice and the failure of the petitioner to assert his right to a speedy trial preclude relief in this case. The district court entered an order specifically inviting the petitioner to discuss in a separate writing all of the facts bearing upon his constitutional claim in the light of *Barker*, but the only response was a general reference to the state record. Other than

---

1. In *Klopfer v. North Carolina*, 386 U.S. 213, 215, 216, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), the Court noted that this unusual procedure was of uncertain origin in North Carolina, although both state statutory and case law arguably provided authority for the entry of a *nolle prosequi* "with leave". Although it has no bearing upon our decision, we were advised by counsel at oral argument that the procedure is no longer used since the statutory basis, N.C.Gen.Stat. § 15-175 (1965), was repealed by the state's 1973 Criminal Procedure Act, Session Laws 1973, c. 1286, S.26, effective July 1, 1975. The new statute also added speedy trial provisions to the state's criminal procedure. *See* N.C. Gen.Stat. §§ 15A-701 through 706 (1975 Replacement Volume).

the lengthy cloud of suspicion and anxiety attendant upon any criminal charge, Morrison asserted no claim that any witness had died or otherwise become unavailable, nor any other significant impediment to his defense as a result of the delay.

Even more palpable from the record is the fact that, like *Barker*, Morrison did not desire a speedy trial. The affidavit of Hugh B. Campbell, Jr., Morrison's attorney, discloses that prior to the date of the *nolle prosequi*, Morrison and Campbell discussed the matter and decided not to request a retrial, and that following the *nolle prosequi* Morrison and Campbell, feeling that the matter was ended filed no motions of any kind.

Based upon our examination of the record, we agree with the finding of the state post-conviction judge that between his first and second trials neither Morrison nor his counsel did anything to assert his constitutional right under the Sixth Amendment, nor was there any evidence to show that Morrison's defense was in any way impaired by the lapse of time. Accordingly, the order of the district court is reversed.

*REVERSED.*