## Richmond

## FRANK COPPOLA

### V.

## WARDEN OF THE VIRGINIA STATE PENITENTIARY

September 11, 1981.

Record No. 801140.

Present: All the Justices.

*Augustus Anninos; J. Gray Lawrence, Jr. (Howell, Anninos, Daugherty & Brown*, on brief), for appellant.
*Robert E. Bradenham, II, Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellee.

PER CURIAM.

Frank Coppola was convicted in the trial court of one count of capital murder, two counts of robbery, one count of maiming, and one count of use or display of a firearm in the commission of a felony. His punishment was fixed at death for the capital murder and imprisonment for the other convictions, *viz.*, life for each of the robberies, 20 years for the maiming, and one year for the use or display of a firearm in the commission of a felony.

We affirmed Coppola's conviction of capital murder and the imposition of the death sentence for reasons set forth in our opinion dated August 30, 1979. *Coppola* v. *Commonwealth,* 220 Va. 243, 257 S.E.2d 797. On the same date, we affirmed his other convictions by denying his petition for appeal relating to those offenses. 220 Va. lxxvi. After we denied Coppola's petitions for rehearing on October 5, 1979, Coppola filed a petition in the United States Supreme Court for a writ of certiorari, and certiorari was denied by order entered February 19, 1980. *Coppola* v. *Virginia,* 444 U.S. 1103.

Coppola then filed in the trial court a petition for a writ of habeas corpus seeking, on the basis of numerous allegations therein stated, reversal of all his convictions, or "at a minimum", commutation of his death sentence to imprisonment for life. On April 29, 1980, the date set for hearing, Coppola was permitted to amend his petition to include additional grounds for relief. One of his supplemental allegations was that Instruction 9, given without objection at trial, stating that "a man is taken to intend that which he does or which is the natural and necessary consequence of his own act", had been rendered unconstitutional by *Sandstrom* v. *Montana,* 442 U.S. 510, decided June 18, 1979. In *Sandstrom,* the Supreme Court held that an instruction, given over objection, that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" was unconstitutional because it could be construed to shift the burden of proof to the accused. After conducting a hearing on Coppola's amended petition, the trial court on that same day entered an order denying him any relief. We granted Coppola an appeal limited to questions as to the applicability of *Sandstrom.*

The dispositive question in this appeal is whether the failure of Coppola's counsel to interpose at trial a contemporaneous objection to Instruction 9 precludes review of the instruction at this

time. We hold that it does. Rule 3A:23(c) requires that objections to instructions in a criminal case be made before the trial court instructs the jury unless the court grants leave to make objections at a later time. Rule 5:21 provides that error assigned to any ruling of the trial court will not be sustained on appeal unless objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. Thus, upon Coppola's direct appeal, we invoked the preclusive provisions of Rule 5:21 as to issues not raised at trial relating to certain instructions given by the trial court in the sentencing proceeding that followed the determination of guilt. 220 Va. at 254-55, 257 S.E.2d at 805. *See Whitley* v. *Patterson,* 204 Va. 36, 40, 129 S.E.2d 19, 22 (1963).

Coppola's counsel argued before us that he was under no duty to anticipate at trial that *Sandstrom* would subsequently be decided and thus had no reason to make a contemporaneous objection to Instruction 9. *Sandstrom,* however, was merely a further application of the principle that the burden rests and remains on the prosecution in a criminal case to prove beyond a reasonable doubt every element of the offense, and that the burden of persuasion may not be shifted to the accused by presumptions, as earlier enunciated in *In re Winship,* 397 U.S. 358, 364 (1970), and *Mullaney* v. *Wilbur,* 421 U.S. 684, 703-04 (1975), both decided long before Coppola's trial. *See also Hodge* v. *Commonwealth,* 217 Va. 338, 228 S.E.2d 692 (1976). Thus, defense counsel in *Sandstrom,* relying upon *Mullaney* and other cases already decided at that time, made a timely objection to the presumption instruction.

Moreover, although *Sandstrom* was decided before we had affirmed Coppola's conviction in his direct appeal to us, he made no effort to challenge Instruction 9 before this Court or the United States Supreme Court. Indeed, he first raised an issue as to the validity of the instruction approximately ten months after the *Sandstrom* decision.

In *Hankerson* v. *North Carolina,* 432 U.S. 233 (1977), where the Supreme Court ruled that *Mullaney* was fully retroactive, the Court rejected the argument that such a ruling would seriously impair the administration of justice, stating:

> Moreover, we are not persuaded that the impact on the administration of justice in those States that utilize the sort of burden-shifting presumptions involved in this case will be

as devastating as respondent asserts. If the validity of such burden-shifting presumptions were as well settled in the States that have them as respondent asserts, then it is unlikely that prior to *Mullaney* many defense lawyers made appropriate objections to jury instructions incorporating those presumptions. Petitioner made none here. The North Carolina Supreme Court passed on the validity of the instructions anyway. *The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. See, e.g.,* Fed. Rule Crim. Proc. 30.

432 U.S. at 244, n.8. (Emphasis added).

*O'Connor* v. *Ohio,* 385 U.S. 92 (1966), upon which Coppola relies, is distinguishable. There, the Supreme Court held that the Ohio contemporaneous-objection rule could not be invoked to bar the defendant from attacking for the first time on appeal, after *Griffin* v. *California,* 380 U.S. 609 (1965), had been decided, the prosecutor's comment at trial on his failure to testify. However, as emphasized in the opinion, the defendant in *O'Connor* was seeking review by the Supreme Court on direct appeal when *Griffin* was decided, and he raised the *Griffin* issue before his conviction was final. *See O'Connor* v. *Ohio,* 382 U.S. 286 (1965). In the present case, Coppola's appeal was pending when *Sandstrom* was decided, and although he had opportunity to do so, Coppola did not raise the *Sandstrom* issue before his conviction became final some eight months later.

■ Coppola could have made timely objection at trial to Instruction 9 and preserved the issue for appeal, as the defendant in *Sandstrom* did, but he did not do so. And, unlike the defendant in *O'Connor,* he did not raise the issue on direct appeal. We hold, therefore, that Coppola's failure to comply with Rules 3A:23(c) and 5:21 bars his attack on the instruction. Moreover, as objection could have been raised at trial and on direct appeal, it may not now be raised in a habeas corpus proceeding. *Slayton* v. *Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974).

Having ruled that the procedural question is dispositive, we do not reach other questions relating to the effect, if any, of the decision in *Sandstrom* upon the granting of Instruction 9. We will affirm the judgment of the trial court dismissing the petition.

*Affirmed.*