Johnnie Mack GRIFFIN

v.

COMMONWEALTH OF
VIRGINIA, et al.

Civ. A. No. 84–0939–R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 12, 1985.

942

Griffin, pro se.

Frank S. Ferguson, Asst. Atty. Gen., Richmond, Va., for Com. of Va., et al.

### OPINION

WARRINER, District Judge.

On 21 December 1984, petitioner, proceeding *pro se* and *in forma pauperis,* filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On 11 January 1985, respondents submitted a motion to dismiss. By order of this Court dated 17 January, petitioner was informed of an opportunity to submit rebuttal materials. Petitioner's rebuttal was received on 4 February. This motion is now ripe for consideration. The Court's jurisdiction is conferred by 28 U.S.C. § 2254.

As a preliminary matter, petitioner makes a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d). Finding that petitioner has alleged no "exceptional circumstances" warranting appointment, petitioner's motion is hereby DENIED. *See Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975).

Petitioner is currently detained at the United States Penitentiary in Lewisburg, Pennsylvania. He faces future incarceration in the Commonwealth of Virginia as a result of judgments rendered by the Circuit Court of the County of Sussex wherein petitioner was convicted of abduction, two counts; grand larceny; use of a firearm in the commission of a felony, three counts; and entering a banking house while armed with a deadly weapon with the intent to commit larceny. Petitioner attacks the aforementioned convictions by making the following allegations:

(1) Petitioner was denied his right to a speedy trial as guaranteed by the sixth amendment of the Constitution. Specifically:

(a) The Commonwealth of Virginia failed to carry its burden of proof to show the delay in bringing the petitioner to trial was justified.

(b) The charges should have been dismissed under Va.Code § 19.2–243 because the delay exceeded Virginia's statutorily prescribed maximum time period.

(2) The trial court erred in finding petitioner guilty of violating Va.Code § 18.2–93 because there was no proof that the building that petitioner entered was a bank possessed of a corporate charter.

(3) The trial court erred in permitting an in-Court identification of petitioner because of the "suggestiveness."

(4) The trial court erred in allowing any identification of petitioner by any witness after reviewing the line-up photos of petitioner taken in violation of a federal court order.

(5) The trial court erred in denying petitioner's motion to restrict the Commonwealth from using any evidence called for in discovery which was not produced to the petitioner prior to trial.

(6) The trial court erred in refusing petitioner's motion to require the Commonwealth to produce any exculpatory material or any statement made by any witness.

(7) The trial court erred in allowing any money into evidence because it was not proved to belong to the F.D.I.C.

(8) The trial court erred in denying the petitioner's motion to disqualify an Assistant U.S. Attorney from participating in the prosecution of the State court charges.

(9) The trial court erred in allowing the introduction of certain letters from the U.S. Marshal's Office.

(10) The trial judge erred in "testifying" as to his personal conversations with a federal judge concerning petitioner's federal prosecution.

(11) The trial court erred in aiding the prosecution by calling for the production of a letter addressed to the Com-

monwealth's Attorney from a federal judge.

(12) The trial court erred in allowing the introduction of a letter from a federal judge.

Petitioner presented these same issues in his direct appeal to the Supreme Court of Virginia. Finding no reversible error, the petition for appeal was denied by an order of that court dated 30 January 1984. *See* Respondents' Exhibit II. Accordingly, available State remedies have been exhausted regarding all claims presented herein. 28 U.S.C. § 2254(b).

### I. Denial of Right to Speedy Trial

■ To the extent that allegation (1) deals with matters regarding the Constitution of Virginia and Virginia statutory laws (specifically, the five month limit on trials imposed by Va.Code § 19.2–243), these issues are matters of State law not cognizable in a federal habeas corpus proceeding. Petitioner's claims regarding denial of his right to a speedy trial must be analyzed solely in terms of the sixth amendment's federal constitutional guarantee.

■ The standard of review concerning a claim of denial of speedy trial was announced in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The *Barker* balancing test delineates four factors necessary to determine if a delay constitutes a denial of the sixth amendment right to speedy trial: (1) length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192.

On 6 May 1982, petitioner was indicted for bank robbery by the Circuit Court of the County of Sussex. The offenses in question occurred on 19 January 1982; petitioner was taken into custody by federal agents on 25 January 1982. Petitioner was convicted of various federal offenses and was sentenced by this Court on 22 June 1982. Petitioner was placed in federal custody at F.C.I. Petersburg.

Petitioner's case in Sussex County went to the grand jury on 6 May 1982. The capias to answer the indictments was returnable to the Circuit Court of Sussex County at its next term commencing 13 July 1982. Petitioner's case was placed on the docket of that Court.

Although not reflected in the record of the trial, the Sheriff of Sussex reported to the presiding trial judge that petitioner was housed in the federal penitentiary in Leavenworth, Kansas, and that the United States Marshal had failed to honor the Sussex detainers.

At the 14 September 1982, term of court for the Circuit Court of the County of Sussex, it became apparent that the Commonwealth would have to attempt to gain custody of petitioner by utilizing the Interstate Agreement on Detainers (I.A.D.). Va.Code § 53.1–210, *et seq.* Appropriate requests were made pursuant to Article IV of the I.A.D. and petitioner was taken into custody by the Sussex County Sheriff's Department on 5 November 1982.

On 14 December 1982, the Circuit Court heard petitioner's motion to dismiss for lack of speedy trial. The Court denied petitioner's motion. A trial was held on 21 January 1983.

■ Petitioner was held in the custody of the Commonwealth without trial from 5 November 1982, to 21 January 1983, a period of 77 days. Thus, there was no violation of the "120 day rule" prescribed by the I.A.D. Va.Code § 53.1–210, Article IV(c).

A period of approximately eight and one half months elapsed between petitioner's state court indictment and his trial. Applying the *Barker* balancing test to these facts, the record does not indicate that the petitioner made a demand for trial prior to his motion to dismiss. Furthermore, petitioner has not shown the specific manner in which he was prejudiced in presenting his defense.

The length of delay presented in this petition contrasts sharply with periods of delay which have, in the past, been found presumptively prejudicial. *See Morrison v. Jones*, 565 F.2d 272 (4th Cir.1977) (three years). *See also United States v. John-*

*son,* 579 F.2d 122, 123 (1st Cir.1978) (an eight month delay warranted further inquiry into the *Barker* factors only because of the simple "garden variety" nature of the charge against appellant).

In light of the serious offenses for which petitioner was charged and petitioner's inability to present evidence supporting any actual prejudice caused by this delay, petitioner has failed to show that the eight month delay in question was "presumptively prejudicial." Accordingly, petitioner's claims regarding a denial of his right to speedy trial shall be DISMISSED.

### II. The *Wainwright* Doctrine

Petitioner's second claim is that his trial should have been dismissed because the Commonwealth failed to prove that the building in which petitioner committed his acts was a "bank" as defined by Virginia statutory law. Respondents argue that this issue may not be considered on federal habeas corpus review because there was no objection made at trial.

Under the doctrine of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), a procedural default in the State courts precludes federal habeas review. Where a State Supreme Court refuses to consider the merits of a claim because of a failure to make a contemporaneous objection as required by State law, federal courts may not consider the claim in the absence of cause for and prejudice from such failure. *Wainwright,* 433 U.S. at 87–90, 97 S.Ct. at 2506–2508.

On the other hand, where a procedural default is ignored or waived in the State court and a decision is rendered on the merits of the claim, the *Wainwright* limitations do not apply. *See Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). Unfortunately, it is not always clear whether a State court has ruled on the merits of a Constitutional claim or has interposed a procedural bar to its consideration.

Like many States, Virginia has a "contemporaneous objection rule." *See* Rule 5:21, Rules of the Supreme Court of Virginia.[1] Except for good cause shown or to tenable it to do justice, the Virginia Supreme Court will not consider alleged errors not contemporaneously objected to at trial. *See Satterfield v. Zahradnick,* 572 F.2d 443, 446 (4th Cir.1978), *cert. denied,* 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978).

Initially, the Fourth Circuit indicated that the failure of the Virginia Supreme Court to enumerate its reasons for denying relief would preclude application of *Wainwright* principles. *See Williams v. Zahradnick,* 632 F.2d 353, 359 (4th Cir.1980). However, the holding in the subsequent case of *Tweety v. Mitchell,* 682 F.2d 461, 464 (4th Cir. 1982), apparently contradicted this principle.

> "In this case, the Virginia Supreme Court failed to state the basis for its dismissal of Tweety's habeas petition . . . thus we are left to speculate whether the Virginia Supreme Court dismissed the case on State procedural grounds which would preclude federal habeas corpus review under *Wainwright v. Sykes, supra,* or whether the Court dismissed the opinion upon consideration of the merits in which case a review of the merits by this Court will be appropriate." [fn. omitted.]

Elaborating on this point, the Fourth Circuit stated,

> "[W]e are not prepared to presume that the Court dismissed Tweety's petition on the merits simply because the Court failed to state the grounds for its decision and we agree with the district court that the Virginia Supreme Court probably dismissed Tweety's State habeas peti-

---

1. Rule 5:21, Rules of the Supreme Court of Virginia, provides "Error will not be sustained to any ruling below unless the objection was stated with reasonable certainty at the time of the ruling ..."

tion for failure to make a contemporaneous objection."

682 F.2d at 464.

Perhaps relying on the *Tweety* standard,[2] respondents argue that this Court should not presume that the Virginia Supreme Court addressed petitioner's claim number (2) on the merits. This case, however, does not present the difficult question concerning the proper effect to be given to a holding of the Virginia Supreme Court asserting the State's procedural bar but alternatively, dismissing the merits of petitioner's claim.

In this petition a review of the order entered by the Virginia Supreme Court dismissing petitioner's direct appeal makes no mention of a procedural bar. The order of the Virginia Supreme Court dated 30 January 1984, Record No. 830975, contains language which is generally relied on by that Court to reject not only a petition for a writ of error on direct appeal but also a petition for a writ of habeas corpus. That language, "... the Court is of the opinion that there is no reversible error in the judgments complained of," is simply insufficient to trigger the limitations of the *Wainwright* doctrine.

■ Virginia case law indicates that a denial of a petition for a writ of error on direct appeal is a denial on the merits. *See Saunders v. Reynolds*, 214 Va. 697, 204 S.E.2d 421, 424 (1974). Accordingly, respondents' *Wainwright* argument must be rejected. Until such time as the Supreme Court of Virginia abandons the aforementioned language and clearly gives the federal courts an indication that they are enforcing the procedural bar of their contemporaneous objection rule, this Court is required by Fourth Circuit precedent to ignore the *Wainwright* limitations argued by respondents and address the merits of all such claims.

■ The issue of the bank's corporate charter is solely a matter of State law. Absent circumstances impinging on fundamental fairness a matter of State law is not the proper subject of a federal habeas corpus proceeding under 28 U.S.C. § 2254. *See Grundler v. North Carolina*, 283 F.2d 798 (4th Cir.1960). A State's statutory definition of its corporate banking institutions is not a fundamental constitutional issue. Accordingly, petitioner's claim is not cognizable by this Court and shall be DISMISSED.

### III. Adequacy of the Identification Procedures

Petitioner's claim that the trial court erred in permitting a "suggestive" in-court identification of petitioner fails to specifically demonstrate impermissible suggestiveness. The petitioner merely avers that the Commonwealth required petitioner to wear not only a false beard but also a cap and sunglasses when posing for a photograph to be used in a photographic "line-up."

■ Applying the test announced in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), plaintiff has failed to show that this disguise was, in the context of the identification procedure used, so suggestive as to create a likelihood of irreparable misidentification.

■ Petitioner received a bench trial, thus lessening any prejudice that possibly could have been created if the identification procedures were defective in any way. *Patler v. Slayton*, 503 F.2d 472, 476 (4th Cir.1974). Furthermore, any prejudice received from these identification procedures is negated by the fact that petition-

**2.** In a recent case, *Briley v. Bass*, 750 F.2d 1238 (4th Cir.1984), the Fourth Circuit indicated, sub silencio, that the *Tweety* standard may no longer be the controlling precedent. In analyzing a decision of the Virginia Supreme Court in which that Court denied Briley's habeas claims on the alternate basis of a procedural forfeiture and a resolution of the issues on the merits, the Fourth Circuit ignored the *Wainwright* bar stating that, "[S]ince the Virginia courts reached the substantive merits on collateral review, we will do so here." at 1242, fn. 6. For purposes of this decision, this Court will assume that *Tweety* is still the law.

er's fingerprints were found on a briefcase carrying the stolen money. Tr. at 270. On the record presented, applying the *Stovall* test, petitioner has failed to show the degree of suggestiveness warranting habeas relief.

### IV. Non-Disclosure of *Brady* Material

Petitioner next complains that the trial court denied him a fair trial by failing to restrict the Commonwealth from using any evidence called for in discovery which was not produced to the petitioner prior to trial. Although petitioner does not specifically allege which evidence was not disclosed, a review of the record shows that the only evidence objected to at trial was a fingerprint card (Tr. at 78), an enlargement of a bank photo showing the guns used in the robbery (Tr. at 166), and evidence secured through two search warrants which defense counsel became aware of upon the day of trial (Tr. at 221–223, 231–232).

■■■ Applying the test announced in *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), and as later applied in *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977), it is clear that there is no constitutional right to discovery of evidence which is not exculpatory. Even relying on the broadest construction of the *Brady* standard, that calling for disclosure of all "material" evidence, petitioner must still show some prejudice flowing from the Commonwealth's non-disclosure in order to meet the "materiality" standard.

A review of the evidence in question shows that a fingerprint analysis was sent to petitioner's attorney well in advance of trial (Tr. at 167). Respondents' Exhibit III. The questioned photo enlargement was merely an enlargement of a photograph which was available to defense counsel. The enlargement was also available in the public file of petitioner's appeal pending in the Fourth Circuit Court of Appeals.

■■■ Since defense counsel had equal knowledge of and access to this evidence, the Commonwealth's failure to provide the evidence to the defendants fails to state a constitutional claim. *Rosenberg v. United States,* 360 U.S. 367, 371, 79 S.Ct. 1231, 1234, 3 L.Ed.2d 1304 (1959). *Smith v. United States,* 375 F.Supp. 1244, 1247 (E.D.Va.1974).

■■■ For the same reason, the material secured by the search warrants of which defense counsel was not aware until the day of trial fails to state a cognizable claim. If counsel for defendant had wished to check the record in the Fourth Circuit at any time prior to trial, he would have been made aware of this evidence. The Commonwealth's Attorney clearly informed defense counsel of the existence of this evidence. *See* Respondents' Exhibit III.

■■■ Petitioner's claim regarding the Commonwealth's failure to order disclosure of "any statement made by any witness" fails to state a basis for federal habeas relief. Petitioner has failed to show any prejudice flowing from the Commonwealth's failure to comply with this ambiguous request. *Weatherford v. Bursey,* 429 U.S. at 559, 97 S.Ct. at 845. These claims shall be DENIED.

### V. Admissibility of the Evidence

■■■ Petitioner's claim that the trial court erred in permitting the stolen money to be entered into evidence is solely a matter of State law and does not impinge fundamental fairness. Accordingly, it does not state grounds cognizable in a federal habeas petition. *See Grundler v. North Carolina,* 283 F.2d 798 (4th Cir.1960). Similarly, petitioner's claims regarding the participation of the Assistant U.S. Attorney, the introduction of letters from the U.S. Marshal's Office, the trial judge's comments from the bench regarding his personal conversations with a federal judge, and the introduction of a letter addressed to the Commonwealth's Attorney from the federal judge are matters of State evidentiary law. Even in the aggregate, these alleged errors are insufficient to impinge upon the fundamental fairness of petitioner's trial. Accordingly, petitioner's

petition for a writ of habeas corpus shall be DENIED.

An appropriate judgment shall issue.