835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bobby Dean TRIPLETT, Jr., Petitioner-Appellant,
v.
Nathan A. RICE, Warden, Attorney General of North Carolina,
Respondents-Appellees.
 No. 87-7661.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1987.
Decided Nov. 24, 1987.
 
 Bobby Dean Triplett, Jr., appellant pro se.
 Barry Steven McNeill, Office of Attorney General, for appellees.
 Before DONALD RUSSELL, K.K. HALL, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bobby Dean Triplett, Jr. seeks a certificate of probable cause to appeal from the dismissal of his 28 U.S.C. Sec. 2254 petition. He claimed that (1) the evidence was insufficient to sustain his murder conviction; (2) he was denied the right to confront the witnesses against him by the admission of certain hearsay evidence; (3) the admission of certain physical evidence denied him due process; (4) the inadequate notice his attorneys received of the state's intent to use certain evidence against him deprived him of his right to effective assistance of counsel; (5) certain items admitted at trial had been seized in violation of his fourth amendment rights; and (6) his right to due process was denied by the testimony of his wife. For the reasons stated below, we find these claims to be without merit and deny Triplett a certificate of probable cause to appeal.
 
 
 2
 Our review of the evidence against Triplett convinces us that any rational juror could have found beyond a reasonable doubt that Triplett was guilty of murdering his mother, Sumie Triplett. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). We note that "circumstantial evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. George, 568 F.2d 1064, 1069 (4th Cir.1978). In particular, Triplett argues that the fact that he was seen at 4:30 a.m. on February 14, 1984, approximately 500 feet from the remote spot in which his mother's body was later discovered was without probative value because, according to the medical examiner who conducted the autopsy, his mother was not dead at that time. The state's medical examiner testified that, in her opinion, Sumie Triplett had been dead for three or four days at the time she was examined on February 19, 1984. In other words, it was her opinion that Sumie Triplett had died on February 15th or February 16th. The medical examiner also testified that, to some extent, the time of death could have been earlier or later than her opinion had stated. She was not asked to specify whether Sumie Triplett could have died on February 14th, but given the absence of evidence to the contrary, the jury could reasonably infer that February 14th was "to some extent" earlier than February 15th.
 
 
 3
 Triplett also contends that his right to confront the witnesses against him was violated when the trial court allowed Janie Cline and Ann Marie Burns to testify that Triplett's mother had told them that Triplett had tried to choke her and had threatened her with a knife several weeks before her death.
 
 
 4
 When a hearsay declarant is unavailable to testify, admission of his statements does not violate the confrontation clause if there is "a showing of particularized guarantees of trustworthiness" of the statements. Ohio v. Roberts, 448 U.S. 56, 66 (1980). There is no reason to believe that Triplett's mother fabricated the statements about Triplett's attacks. The fact that she may have hesitated at first to tell a friend that the bruises on her arms were caused by her son in no way impugns her credibility. Triplett's major contention seems to be that the statements were untrustworthy because Burns and Cline may have fabricated them. He notes that Burns had admitted that she did not like him and that neither Burns nor Cline had mentioned before trial that Triplett's mother had told them that he had threatened her with a knife. He thoroughly cross-examined both witnesses at trial, however, and had an ample opportunity to build a foundation for suggesting to the jury that they had lied when they said that his mother had told them that he had attacked her. Thus, his right to confront the witnesses against him was not violated.
 
 
 5
 Triplett contends that he was denied due process by the admission of cigarette butts and cigarette lighters found near the victim's body, a red plaid shirt, and a black record book. He did not raise this claim on direct appeal, and the North Carolina Supreme Court denied his motion for appropriate relief without giving reasons. This denial may well have been due to procedural default, which would bar him from obtaining federal habeas relief absent a showing of cause and prejudice. See Tweety v. Mitchell, 682 F.2d 461, 464 (4th Cir.1982),cert. denied, 460 U.S. 1013 (1983).
 
 
 6
 In addition, the admission of this evidence did not violate his constitutional rights. The erroneous admission of evidence will not justify federal habeas corpus relief unless its admission violates a specific constitutional guarantee, such as the privilege against self-incrimination, or unless its admission renders the trial fundamentally unfair. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960). Triplett does not contend that the admission of this evidence violated any particular constitutional guarantee, and there is no basis in the record for such a contention. Assuming arguendo that the admission of this evidence was erroneous, it did not render Triplett's trial fundamentally unfair. The testimony at trial fully revealed the limited probative value of the cigarettes, the lighters, and the shirt. There is nothing in the record to indicate that admission of the record book could have misled or inflamed the jury. In these circumstances, any error in the admission of this evidence did not violate the federal Constitution.
 
 
 7
 Triplett contends that the state deprived him of effective assistance of counsel by giving his attorneys inadequate notice of its intent to use Cline's and Burns's testimony that Triplett's mother had told them that he had attacked her. Assuming arguendo that this allegation states a claim of ineffective assistance of counsel or denial of due process, this claim is nonetheless without merit. Triplett's attorneys were made aware during the probable cause hearing several months before trial that Cline and Burns had said that Sumie Triplett had told them about Triplett's attacks. Several days before trial, Triplett's attorneys filed a motion in limine seeking to exclude as inadmissible hearsay any statements Sumie Triplett may have made. They obviously had notice of the possibility that the state might use this testimony at trial. In addition, Triplett has not suggested any way in which his attorneys could have countered this testimony had they had more notice that it would be used.
 
 
 8
 Triplett alleges that police officers illegally seized certain items introduced at trial. This fourth amendment claim is not cognizable in a federal habeas corpus petition, as Triplett has already had a full and fair opportunity to litigate this claim, even though he did not avail himself of this opportunity. Stone v. Powell, 428 U.S. 465, 494 (1976).
 
 
 9
 Triplett also claims that the state denied him due process by forcing his wife to testify against him. Compelling a wife to testify against her husband does not violate due process. At most, Triplett has alleged in conclusory fashion only that the state violated its own evidentiary rules. Assuming arguendo that the state did so, this violation did not render Triplett's trial fundamentally unfair. Thus, there was no violation of his right to due process. Grundler, 283 F.2d at 802.
 
 
 10
 Finally, Triplett claims that the state denied him due process by introducing portions of letters that he wrote to his wife while he was incarcerated. He alleges that if the letters had been read to the jury in their entirety, they would have shown that Triplett believed that he was merely one of his mother's beneficiaries, rather than that he believed he would inherit her entire estate. There is no indication in the record that any letters that Triplett wrote to his wife were read to the jury in whole or in part. Triplett's wife testified that Triplett had told her that he was going to get his mother's house, car, and insurance money, but she did not mention any letter. This claim is frivolous.
 
 
 11
 Therefore, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the informal brief and record and oral argument would not significantly aid the decisional process.
 
 
 12
 DISMISSED.