HORNSBY, Chief Justice
(concurring specially).
I concur in the denial of certiorari review. However, because I disagree with certain holdings of the Court of Criminal Appeals, I feel that it is necessary to state my views.
In affirming the trial court’s judgment, the Court of Criminal Appeals found that the delay of some 28 months before finally bringing this case to trial did not create “presumptive prejudice” under the ruling of the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). I cannot agree with this holding. I would hold that on the facts of this case presumptive prejudice is created by a delay of two years and four months in bringing the case to trial. During this entire delay, the defendant remained incarcerated due to his inability to post bail.
In Barker v. Wingo, supra, the Court stated:
“The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.”
Barker, 407 U.S. at 530-31, 92 S.Ct. at 2192.
The length of the delay alone is not sufficient to call into question whether the defendant’s constitutional rights have been violated. Wade v. State, 381 So.2d 1057 (Ala.Cr.App.1980). However, I believe that substantial pretrial delay is sufficient to trigger the Barker analysis. The Barker factors are well known. They are: (1) length of delay; (2) reason for the delay; (3) defendant’s assertion of his speedy trial right; and, (4) prejudice, if any, to the defendant. Barker, supra, 407 U.S. at 530, 92 S.Ct. at 2192.
Other courts have recognized that a “presumptively prejudicial” delay in a given case requires the examination of the remaining factors. See, e.g., Isaac v. Perrin, 659 F.2d 279 (1st Cir.1981) (10-month delay in sexual assault case held sufficient to trigger further analysis of Barker factors); Morrison v. Jones, 565 F.2d 272 (4th Cir.1977) (delay of three years sufficient to trigger further analysis of Barker factors; however, right to speedy trial held not violated because defendant failed to prove prejudice and did not request speedy trial); Smith v. Mabry, 564 F.2d 249 (8th Cir.1977) (10-month delay following defendant’s assertion of speedy trial right held sufficient to trigger inquiry); United States v. Barney, 550 F.2d 1251 (10th Cir. *90 1977) (a delay of only five months while defendant was incarcerated and awaiting trial held sufficient to require further inquiry); Paine v. McCarthy, 527 F.2d 173 (9th Cir.1975) (10-month delay before trial sufficient to trigger further examination despite fact that defendant did not make speedy trial demand for several months and the demand, when made, came within 90 days of statutory trial date); United States ex rel. Spina v. McQuillan, 525 F.2d 813 (2d Cir.1975) (26-month delay sufficient to trigger further analysis but insufficient alone to require finding of prejudice).
As I noted earlier, the defendant in this case was confined in a county jail and in other secure institutions for the entire 28 months of pretrial delay. The United States Supreme Court has noted that pretrial detention places great stress not only on the defendant, but also on the criminal justice system as a whole. Barker, supra, 407 U.S. at 520-21, 532, 92 S.Ct. at 2187, 2193.
Based upon all of the foregoing, I can conclude only that a delay of 28 months in bringing a confined defendant to trial is presumptively prejudicial. In this case, and in any other case in which there is both substantial delay and confinement of the individual awaiting trial, I would hold that there must be a thorough analysis of the remaining Barker factors.